In re KEN CARPENTER
RV, INC., Debtor.

BOMBARDIER CAPITAL, INC., Movant,

v.

KEN CARPENTER RV,
INC., Respondent.

Bankruptcy No. 94–12100–MWV.
CM No. 95–087.

United States Bankruptcy Court,
D. New Hampshire.

Feb. 15, 1995.

Timothy P. Smith, Manchester, NH, for debtor.

Geraldine B. Karonis, Asst. U.S. Trustee, Manchester, NH, for U.S. Trustee.

David N. Cole, Hanover, NH, for Bombardier Capital, Inc.

*MEMORANDUM OPINION AND ORDER*

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the motion of Bombardier Capital, Inc. ("BCI") for relief from the automatic stay to exercise its rights with respect to certain recreational motor vehicles and trailers in which it claims a security interest. The debtor assented to the motion. A creditor, CFX Bank ("CFX"), objected to the motion with respect to used recreational vehicles only, claiming it had a first priority security interest on the used recreational vehicles. A hearing was held on February 10, 1995, at which hearing the Court granted the motion for relief with respect to the new recreational motor vehicles and trailers and took the matter with respect to the used motor vehicles and trailers under advisement.

The Court refers to the recent First Circuit opinion *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26 (1st Cir.1994), in which the First Circuit, after an extensive discussion on the proper scope of a hearing on a motion for relief from the automatic stay held, "[f]or all these reasons, we find that a hearing on a motion for relief from stay is merely a summary proceeding of limited effect, and adopt the *Vitreous Steel* court's holding that a court hearing a motion for relief from stay should seek only to determine whether the party seeking relief has a colorable claim to property of the estate."

In the instant case, the Court has reviewed the financing security documents of BCI, including:

1. Revolving Credit and Security Agreement dated on or about September 22, 1992;

2. Inventory Security Agreement dated on or about July 26, 1990; and

3. UCC–1's filed on September 29, 1992, at the Office of the New Hampshire Secretary of State and the Town Clerk for the Town of Hillsborough, New Hampshire.

The language of the September 22, 1992, Security Agreement granting a security in-

terest, which same language is also found on BCI's UCC–1's, is as follows: "[a]ll debtors' right, title and interest in all present and future machinery, equipment, chattels, goods, and other articles of personal property, replacements and additions. . . ." It is also clear that the security agreement upon which CFX relies, which is attached to its objection, and the UCC–1's it filed were subsequent to the above-referenced financing documents of BCI.

In accordance with *Grella*, this Court finds that BCI has a colorable claim to the debtor's used recreational motor vehicles and trailers and grants the motion for relief with respect to the used recreational motor vehicles and trailers. In making this decision, the Court finds that the instant dispute is between two creditors and not the debtor-in-possession, leaving the parties free to litigate the priority issue in the state court. This decision will have no preclusive effect thereon.

DONE and ORDERED.